**BakerHostetler**

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

April 17, 2018

Amanda L. Van Hoose Garofalo
direct dial: 212.589.4610
agarofalo@bakerlaw.com

**VIA ECF AND FEDERAL EXPRESS**

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman East, Room S905
Brooklyn, NY 11201

Re: Equal Employment Opportunity Commission, et al., v. United Health Programs of America, Inc., et al., *Case No. 14-CV-3673 (KAM) (JO)*

Dear Judge Matsumoto:

Pursuant to this Court's direction during the Parties' charging conference on today's date, below please find the Parties' agreed upon inserts and/or amendments to the Court's Proposed Jury Instructions (Court Exhibit 1, Dkt. No. 194).

The parties respectfully request that this language to the end of Instruction No. 11:

> If you find that a given adverse employment decision made by defendants with respect to Ms. Pennisi was motivated both by discriminatory and non-discriminatory reasons, you must decide whether Ms. Pennisi is entitled to damages. Ms. Pennisi is entitled to damages unless the defendants prove by a preponderance of the evidence that the defendants would have made the same adverse employment decision even if the discriminatory reason had played no role in the employment decision.

The parties respectfully request that this language replace the last paragraph of Instruction No. 15:

> With respect to the fourth element, causal connection, plaintiffs must establish by a preponderance of the evidence that without Ms. Pennisi engaging in protected activity, the adverse employment action would not have occurred. A causal connection can be established indirectly by showing that the protected activity was closely followed in time by the adverse action.

The Honorable Kiyo A. Matsumoto
April 17, 2018
Page 2

> However, there is no bright line regarding the amount of time that has passed between and employee engaging in protected activity and an adverse employment action, and temporal proximity by itself is insufficient to show causation.

The parties respectfully request that the below language be added to Part III, Instruction 2, after the second paragraph:

> You may have heard evidence regarding medical conditions and diagnoses related to claimants' emotional distress damages claims, Plaintiffs are not relying on medical evidence to support these emotional distress claims, nor are they required to do so. You may not consider evidence of medical diagnoses or conditions when determining causation of emotional distress claims, even if such evidence may be relevant to other aspects of Plaintiffs' other claims.

Thank you for your consideration.

Respectfully submitted,

*/s/ Amanda L. Van Hoose Garofalo*

Amanda L. Van Hoose Garofalo



cc:  Counsel of Record (via ECF)