UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,[1]

         Plaintiff,

v.

UNITED HEALTH PROGRAMS OF AMERICA,
INC., and COST CONTAINMENT GROUP, INC.,

         Defendants.

14-CV-3673 (KAM) (JO)

## JUDGMENT

Judgment is entered *nunc pro tunc*, as of January 29, 2019, as follows:

Without prejudice to Defendants' right to move for remittitur following the entry of judgment, judgment should be entered against Defendants, and in favor of the individual claimants' punitive and compensatory damages, as follows with respect to their Title VII claims:

- Danielle Diaz: $50,000 (consisting of $40,000 in compensatory damages and $10,000 in punitive damages);

- Cynthia Pegullo: $50,000 (consisting of $40,000 in compensatory damages and $10,000 in punitive damages);

---

[1] Although this matter previously had three Plaintiff-Intervenors, Faith Pabon, Elizabeth Ontaneda and Francine Pennisi, on April 25, 2019 they were dismissed from the case pursuant to a Stipulation of Dismissal (Dkt. 240). Portions of the Court's Order related to Plaintiff-Intervenors, therefore, are omitted.

- Sandra Benedict: $50,000 (consisting of $50,000 in compensatory damages);

- Jennifer Honohan: $50,000 (consisting of $50,000 in compensatory damages);

- Karen Josey: $50,000 (consisting of $50,000 in compensatory damages);

- Regina Maldari: $50,000 (consisting of $50,000 in compensatory damages); and

- Elizabeth Safara: $50,000 (consisting of $50,000 in compensatory damages).

Judgment should be entered requiring Defendants to pay to the Plaintiff the total sum of $44,991.11 in costs.

Judgment should be entered with respect to the injunctive relief requested by Plaintiff as follows:

- Defendants and their managers, officers, agents, contractors, parent organizations, successors, purchasers, assigns, subsidiaries, affiliates, any corporation or entity into which Defendants may merge or with which Defendants may consolidate, and any persons or entities acting on Defendants' behalf, are hereby permanently enjoined from:
    - engaging in religious harassment, including, without limitation, by creating or maintaining a hostile work environment based on religion;
    - subjecting employees to religious discrimination, including, but not limited to, disparate treatment based on their rejection of imposed religious practices in the workplace;
    - requiring or pressuring any employee to: read Onionhead or Harnessing Happiness texts, beliefs, concepts, and documents;

   attend Onionhead or Harnessing Happiness meetings and workshops; pray in the workplace; wear Onionhead pins; hug, kiss, hand-hold, or express love related to work; use Universal Truth Cards; use candles in the workplace; chant in the workplace; read or respond to emails referencing God, spirituality, demons, Satan, divine destinies, the "Source," purity, blessings, miracles, "higher-guidance teachings," and a grail;
   - telling employees that they are "chosen" or that "God loves us all;"
   - subjecting employees to any discussion related to angels or demons (which shall not apply to comments made in passing, like "she was like an angel" or "I had an angel on my shoulder"); and
   - maintaining a professional relationship with Linda "Denali" Jordan.
- For a remedial term of five years:
   - Within 30 days of the Court's Order, Defendants must appoint an outside monitor, whose duties consist of antidiscrimination and antiharassment training, complaint processing, reviewing employee terminations and separations for evidence of religious discrimination, monitoring compliance with the Court's Order, and drafting semi-annual reports summarizing compliance therewith;

3

- Defendants must notify the Outside Monitor of any discrimination complaints and terminations within 14 days of occurrence;

- Defendants must revise their antidiscrimination policies to (a) include a procedure for filing complaints anonymously; (b) include Plaintiff's contact information; (c) add in Section 3.3 of the employee handbook that employees may make complaints concerning conduct on the part of supervisors, managers, contractors, and third party consultants, and that complaints regarding religious or other discrimination or harassment may also be raised with the outside monitor; (d) remove the "False Accusations and Information" section of the employee handbook; (e) include a detailed explanation of religious discrimination with examples of the type of discrimination alleged in this case; (f) and add a definition of hostile work environment with examples of the type of harassment alleged in this case;

- Defendants, at its own expense, within 60 days of the Court's Order and annually thereafter, must provide annual anti-discrimination and harassment training, which shall be conducted by the outside monitor or another third party approved by Plaintiff. The training shall include information regarding employee's rights under Title VII and the New York State Human

4

    Rights Law, including reference to all protected classes, the provisions of Defendant's anti-discrimination and harassment policy, investigation procedures, and the prohibition of retaliation. Management, Supervisors, and Human Resources personnel shall receive two hours of live training. All other employees shall receive one hour of live training. Defendants are required to provide training materials to Plaintiff 14 days prior to the training. New employees shall receive training within 30 days of hire;

- Defendants must provide new employees with a Notice Letter advising them of this action within 14 days of hire and shall keep a copy of the Notice Letter posted in their break room on poster size stock of 8"x24";

- Defendants shall maintain and provide to the outside monitor every six months the following: (a) certifications that Defendants have complied with the terms of the Court's Order; (b) a spreadsheet identifying all employees consultants, and contractors retained or employed by Defendants during the six-month period and providing certain information about those individuals; (c) copies of all attendance records for training; and (d) acknowledgment forms confirming receipt of the Notice Letter

5

4814-9895-8518.3

and Defendants' antidiscrimination policies. The outside monitor shall then provide those documents to Plaintiff; and

- o Defendant shall retain and preserve all document and records related to compliance with the Court's Order.

Dated: Brooklyn, New York
March 5, 2020

SO ORDERED:

_____
     s/ Kiyo A. Matsumoto
The Honorable Kiyo A. Matsumoto

6

4814-9895-8518.3